# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SHLOMO LEIBOVITCH, et al.,

           Plaintiffs,

v.                                           No. 08-cv-01939

THE SYRIAN ARAB REPUBLIC, et al.,

           Defendants.

## DECLARATION OF AVRAHAM COLTHOF

AVRAHAM COLTHOF, of the City of Jerusalem, Israel, DECLARES PURSUANT TO 28 U.S.C. §1746, AS FOLLOWS:

### A. Introduction

1. I am a graduate of the Law Faculty of Bar Ilan University in Israel, a member of the Israeli Bar and a practicing attorney in Israel.

2. I have my own law firm located at 52 King George Street, Jerusalem, Israel.

3. I am fluent in Hebrew, English and Dutch, and I am capable of translating accurately between these languages.

4. I have been asked by the plaintiffs in the above-captioned matter to provide affidavit testimony regarding the civil causes of action and remedies provided under Israeli law for the injuries suffered by plaintiffs Shlomo Leibovitch, Galit Leibovitch, Moshe Leibovitch, Nerya Leibovitch, Hila Leibovitch, Shmuel Eliad and Miriam Eliad as the result of the shooting of and resulting injuries suffered by Shira Leibovitch.

1

5. Most causes of action in tort in Israeli law are codified in the **Torts Ordinance (New Version) – 1968**,[1] (hereinafter "TO").[2]

6. Section 3 of the TO provides that any person injured or harmed by the torts enumerated in the TO is entitled to relief from the person liable or responsible for the tort.

7. As discussed below, a number of the torts and rules of tort liability codified in the TO are clearly relevant and applicable to the above-captioned action.

### B. Negligence

8. Section 35 of the TO creates and codifies the tort of Negligence.

9. Section 35 of the TO provides that a person is liable for the tort of Negligence when he commits an act which a reasonable and prudent person would not have committed under the same circumstances; or refrains from committing an act which a reasonable and prudent person would have committed under the same circumstances; or, in the performance of his occupation, does not use the skill or exercise the degree of caution which a reasonable person qualified to act in that occupation would have used or exercised under the same circumstances, and thereby causes damage to another person toward whom, under those circumstances he is obligated not to act as he did.

10. Section 36 of the TO provides that the obligation set forth in § 35 is toward all persons, to the extent that a reasonable person would have under the same circumstances

---

[1] Sometimes also translated (less accurately in my opinion) as "Civil Wrongs Ordinance."

[2] Additionally, other Israeli statutes governing various distinct areas of law (e.g. banking, securities regulation, consumer protection, etc.) contain specialized civil causes of action for breach of their provisions, none of which are relevant here.

foreseen that, in the ordinary course of events, they were liable to be injured by the act or omission.

11. It is well established in Israeli case law that the tort of Negligence includes also intentional conduct. In other words, in Israeli law the tortfeasor will be liable for Negligence if his conduct was negligent or worse (i.e. reckless or intentional). *See e.g.* Civil Appeal 732/80 *Arens v. Beit El*, Israeli Supreme Court Decisions Vol. 38(2), 645 (1984); Civil Appeal 71/85 *Aryeh Insurance Co. v. Buchbout*, Israeli Supreme Court Decisions Vol. 41(4), 327 (1987).

12. Negligence is considered a "catch-all" tort that is not limited to any specific conduct or circumstance and applies to any conduct that fits its definition. *See e.g.* Civil Appeal 243/83 *City of Jerusalem v. Gordon*, Israeli Supreme Court Decisions Vol. 39(1), 113 (1985)

**C.     Assault**

13. Section 23 of the TO creates a tort of Assault defined as the intentional use of any kind of force, directly or indirectly, against a person's body, in any manner, without that person's consent; or an attempt or threat, by act or gesture, to use force against a person's body, when the person making the attempt or threat can be reasonably assumed to be have the intent and ability to carry out the attempt or threat.

**D.     Vicarious Liability**

14. Section 12 of the TO provides that a person who participates in, assists, advises or solicits an act or omission, committed or about to be committed by another person, or who orders, authorizes, or ratifies such an act or omission, is liable for such act or omission.

15. Section 13 of the TO provides that an employer is liable for an act or omission committed by his employee, if the employer authorized or ratified the act or omission, or if the employee committed the act or omission in the course of his employment.

16. Section 14 of the TO provides that a person who employs an agent for the performance of an act or a category of acts is liable for everything the agent does in the performance of that act or category of acts, and for the manner in which the agent performs them.

### E.     Remedies and Damages

17. While, as noted, § 3 of the TO provides that any person injured or harmed by the torts enumerated in the TO is entitled to relief from the person liable or responsible for the tort, the TO does not delineate those damages (other than in a few particular circumstances not relevant to the instant case) and the nature and type of tort damages available in Israel are therefore established and defined in the Israeli case law.

18. Israeli case law recognizes and provides for both monetary and non-monetary damages in civil actions in tort.

19. Non-monetary remedies recognized by the Israeli case law in tort actions include physical pain and suffering, the gamut of clinically recognized forms of psychological harm, disabilities and pathologies (such as depression and post-traumatic stress disorder) as well as non-pathological (i.e. "regular") mental/emotional pain and anguish, which is usually referred to in Israel as "emotional distress." *See e.g.* Civil Appeal 398/99 *General Histradrut Health Fund et al. v. Leah Dayan et al.*, Israeli Supreme Court Decisions Vol. 55(1), 795 (1999).

### F.     Conclusions

20. In light of the above, in my professional opinion there is absolutely no question whatsoever that Israeli law provides both causes of action and remedies for the injuries suffered by plaintiffs Shlomo Leibovitch, Galit Leibovitch, Moshe Leibovitch, Nerya Leibovitch, Hila Leibovitch, Shmuel Eliad and Miriam Eliad as the result of the shooting of and resulting injuries suffered by Shira Leibovitch.

21. It is clear that the shooting complained of meets the definition of and constituted the tort of Assault under § 23 of the TO. Assuming, as alleged by plaintiffs, that the Palestine Islamic Jihad (PIJ) carried out the shooting, then PIJ is directly liable under the TO for the damages suffered by plaintiffs as a result of that assault.

22. It is also clear that the shooting meets the definition of and constituted the tort of Negligence as defined in §§ 35-36 of the TO. The PIJ is therefore directly liable under §§ 35-36 of the TO for the damages suffered by plaintiffs.

23. Moreover, assuming (as plaintiffs allege) that Iran and the other Iranian defendants actively solicited and funded the PIJ's terrorist attacks, then the conduct of Iran and the other Iranian defendants certainly meets the definition of and constituted the tort of Negligence as defined in §§ 35-36 of the TO, and Iran and the other Iranian defendants are therefore directly liable under §§ 35-36 of the TO for the damages suffered by plaintiffs.

24. Additionally, assuming that Iran and the other Iranian defendants authorized, participated in, assisted, advised, solicited, ordered and/or ratified the commission of terrorist attacks by the PIJ, as plaintiffs allege in substantively similar terms in their Complaint, then Iran and the other defendants are also vicariously liable under §§ 12-14 of the TO for the damages suffered by plaintiffs as a result of the shooting carried out by the PIJ.

25. Thus, in sum, under Israeli law, Iran and the Iranian defendants are both directly and vicariously liable for the tort of Negligence, and vicariously liable for the tort of Assault, and are therefore liable for plaintiffs' damages resulting therefrom.

26. As noted, Israeli law recognizes and Israeli courts award damages in tort actions for both monetary and non-monetary harm, including both psychological disabilities and "emotional distress." Thus, to the extent that Shlomo Leibovitch, Galit Leibovitch, Moshe

5

Leibovitch, Nerya Leibovitch, Hila Leibovitch, Shmuel Eliad and Miriam Eliad suffered monetary harm, psychological trauma (such as depression, post-traumatic stress disorder or the like) and/or emotional distress as a result of as the result of the shooting of and resulting injuries suffered by Shira Leibovitch, Israeli law provides for and would require the instant defendants to financially compensate those plaintiffs therefor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 4, 2010

_____
AVRAHAM COLTHOF